IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 6, 2026 Session

## STATE OF TENNESSEE v. JERROD JAMES (IN RE: AA/AAA BONDING COMPANY)

**Appeal from the Circuit Court for Madison County**
**No. 23-225    Donald H. Allen, Judge**

_____

**No. W2025-00567-CCA-R3-CO**

_____

The appellant, AA/AAA Bonding Company, appeals its suspension from writing bonds in the Twenty-Sixth Judicial District due to its failure to comply with the applicable statutes. Based upon the record, the parties' briefs, and oral argument, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR. and TOM GREENHOLTZ, JJ., joined.

Joel H. Moseley, Jr., Murfreesboro, Tennessee (on appeal), and Nathan Pride, Jackson, TN (at hearing), for the appellant, AA/AAA Bonding Company.

Jonathan Skrmetti, Attorney General and Reporter; Ryan W. Davis, Assistant Attorney General; Jody Pickens, District Attorney General; and Matthew Floyd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

As a result of his arrest for speeding, evading arrest, and being a convicted felon in possession of a firearm, the General Sessions Court for Madison County released Defendant Jerrod James on a $30,000 appearance bond, which the appellant, AA/AAA Bonding Company, signed as the surety. However, on January 31, 2024, Mr. James failed to appear for his trial. As a result, the trial court entered an order of conditional forfeiture.

On August 1, 2024, the appellant filed a Petition for Extension, and a hearing was held on August 12, 2024.

During the hearing, Tammy Porter, the owner of AA/AAA Bonding Company, testified that she spoke with Mr. James in April 2024. Mr. James informed Ms. Porter that he did not appear at his trial because he was "scared that he was looking at fifteen years." Despite Mr. James's assurances to Ms. Porter that he would turn himself in to the police, he did not do so, and Ms. Porter hired additional bounty hunters to locate him. Ms. Porter understood she was responsible for paying the $30,000 bond if the defendant was not found. Following the hearing, the trial court denied the appellant's motion and instructed the State to "prepare the final order of forfeiture." The trial court informed Ms. Porter she would have "thirty days to pay that bond in full."

On August 20, 2024, the defendant was located in Nashville and returned to the Madison County Criminal Justice Complex. On August 23, 2024, the appellant filed a Motion to Rehear the Petition for Extension, which the trial court scheduled for hearing on September 23, 2024. At the hearing, Ms. Porter informed the trial court that her bounty hunter located Mr. James in Nashville. The trial court denied the appellant's motion, finding the appellant "was given 185 days from the date she was served with the failure to appear notice, scire facias notice." The trial court asked Ms. Porter if she paid the $30,000 appearance bond as ordered on August 12th, and Ms. Porter stated that she did not because Mr. James was apprehended. The trial court reminded Ms. Porter that she "need[ed] to pay it . . . or we're going to take you off the bonding list." When Ms. Porter informed the trial court that she wanted to appeal the final forfeiture order, the trial court responded, "You can appeal it. But I'm just telling you if you don't pay it, we're going to take you off the bonding list."

On September 30, 2024, the trial court issued an order of final forfeiture[1] providing as follows:

> In this cause it appearing that on January 31, 2024 a conditional forfeiture of bond was entered against Jerrod James and his bond agent, AA/AAA Bail Bonding Co. A scire facias was issued to notify said bond agent to appear before this court one hundred and eighty (180) days from the date the scire facias was served to show cause why said forfeiture should not be made final. It further appearing to the court that said scire facias was served on the 8th of February, 2024. Said bond agent has failed within the time specified to show cause why said forfeiture should not be made final.

---

[1] This order was filed on October 2, 2024.

It is therefore ordered that the State of Tennessee for the use and benefit of Madison County, Tennessee have and recover from AA/AAA Bail Bonding Co., bond agent for the defendant, the sum of $30,000.00 plus cost for which execution may issue.

The appellant did not appeal this order within thirty days.

On December 2, 2024, the trial court filed an order finding that the appellant violated Local Rule No. 11 and suspended the appellant "from further bonding privileges in the entire 26th Judicial District."[2]  On December 23, 2024, the appellant filed a Motion to Set Aside and Be Relieved Only as to the Surety.[3]  A hearing was held on March 10, 2025, during which the appellant argued that it had "an absolute right to surrender in exoneration of their bond" prior to the entry of the final forfeiture pursuant to Tennessee Code Annotated section 40-11-132, that section 40-11-139(a) releases the surety on the defendant's forfeited bond when the defendant who fails to appear pursuant to the conditions of a bail bond is arrested on a capias, and that section 40-11-201(b) prevents a forfeiture or conditional forfeiture of an appearance or bail bond when evidence of the defendant's incarceration is furnished to the court.  The trial court noted its concern about the appellant's failure to pay the $30,000 bond, which the trial court orally ordered the appellant to pay on August 12th, despite the written final forfeiture order not being filed until October 2nd.  The appellant agreed that the trial court could "withhold, withdraw or suspend the [appellant's] bonding privilege for non-payment of final forfeiture" pursuant to Tennessee Code Annotated section 40-11-125.  The appellant also agreed that it did not appeal the October 2nd final forfeiture order, stating "that is a waiver argument."  The trial court denied the appellant's Motion to Set Aside, finding

[W]e have rules that we expect our bonding companies to follow. When the bonding companies fail to follow the rules, we give them time to pay a final forfeiture.  They don't pay it.

You know, obviously he did get picked up at some time point.  He later came in and entered a guilty plea, but there again that didn't relieve the

---

[2] Pursuant to Local Rule 11 of the Twenty-Sixth Judicial District, "any bonding company receiving an ORDER OF FINAL FORFEITURE, all bonding privileges of that bonding company shall be suspended until such Order of Final Forfeiture is satisfied by payment in full to the Clerk.  The bonding company has thirty (30) days from the date of the Final Forfeiture to satisfy payment in full."

[3] We note that the appellant filed its Motion to Set Aside one day late.  *See* Tenn. Code Ann. § 40-11-125(b) (2025) ("If, within twenty (20) days after notice, the bail bondsman or surety files a written answer denying the charges or setting forth extenuating circumstances, the court shall call a hearing within a reasonable time for the purpose of taking testimony and evidence on any issues of fact made by the charges and answer.").

bonding [] company of its responsibility. And so as a result of that, the bonding company's unwillingness to pay the final forfeiture – they could have paid the final forfeiture under protest.

They could have appealed it which they had a right to do, but instead they just didn't pay it. They simply failed to pay it and so, you know, the [c]ourt . . . entered an order on December 2nd of last year suspended their bonding privileges because they failed to pay this $30,000 final forfeiture as ordered.

*Analysis*

On appeal, the appellant contends the trial court improperly suspended its bail writing privileges. Specifically, the appellant contends the trial court erred in suspending its bail writing privileges when the defendant was surrendered prior to the entry of the final forfeiture order. The appellant contends that "its liability was extinguished when the surety surrendered the defendant into the custody of the Madison County Sheriff on August 20, 2024" and that "it would be a grave injustice to punish the surety who had fulfilled its obligations to the State of Tennessee." The State contends the trial court properly suspended the appellant's bonding privileges because it was subject to an unsatisfied final forfeiture judgment.

Initially, we note that our first task is to determine what, exactly, is properly before this Court. The appellant's Notice of Appeal was filed on April 23, 2025. It provides as follows:

> Comes AA/AAA Bonding Company ("Surety") pursuant to Rules 3 and 4 of the Tennessee Rules of Appellate Procedure (TRAP), and hereby gives notice of its appeal to the Court of Criminal Appeals from the judgment entered in the above case on the 24th day of March, 2025, by the Honorable Donald H. Allen, Judge of Circuit Court for Madison County, Tennessee, which judgment denied the Surety's Motion for a relief from the order of suspension, as well as upheld the final forfeit judgment.

Thus, the appellant appears to appeal two distinct judgments: (1) the judgment of final forfeiture, filed on October 2, 2024 (the Final Forfeiture Order) and (2) the Order Denying the Motion to Set Aside.

**A.    The Final Forfeiture Order**

- 4 -

The final forfeiture order was issued on September 30, 2024, and filed on October 2, 2024. The appellant did not pay the forfeiture and remained silent for more than sixty days after the trial court entered the Final Forfeiture Order. Not until December 23, 2024, after the trial court suspended the appellant's bonding privileges, did the appellant seek any form of remedy.

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed "within 30 days after the date of entry of the judgment appealed from." This requirement is jurisdictional in civil actions and may only be tolled by the filing of specific motions listed in Rule 4(b). *See State v. Allen*, No. E2004-00292-CCA-R3-CD, 2004 WL 2108232, at *2 (Tenn. Crim. App. Sept. 22, 2004), *perm. app. denied* (Tenn. Jan. 31, 2005) (holding that the provisions of Rule 4(a), stating that timely notice of appeal is not jurisdictional and may be waived in "all criminal cases," does not apply to the appeal of a bond forfeiture).

The appellant's argument conflates two distinct concepts: whether the final forfeiture judgment was correct and whether it was void. The circuit court possessed subject matter jurisdiction over the criminal case, the bond, and the statutory forfeiture proceedings. The appellant's contention that the defendant's later arrest on the capias released it from liability under Tennessee Code Annotated section 40-11-139(a) challenges the court's application of the bail forfeiture statutes. It does not show that the court lacked authority to adjudicate the forfeiture proceedings altogether.

Accordingly, even assuming the appellant's statutory argument could have supported relief in a timely appeal from the final forfeiture judgment, the alleged error would render that judgment voidable, not void. Because the appellant did not timely appeal the final forfeiture judgment or otherwise obtain relief from it, the judgment remained in effect. The trial court therefore could consider that unsatisfied judgment when determining whether to suspend the appellant's bonding privileges under Tennessee Code Annotated section 40-11-125(a)(2).

The appellant filed neither a timely notice of appeal nor an appropriate motion that would extend the time for filing an appeal. Therefore, we are without jurisdiction to consider the appellant's appeal from the judgment of final forfeiture.

## B.    The Order Denying the Motion to Set Aside

The Order Denying the Motion to Set Aside was entered on March 25, 2025. On April 23, 2025, the appellant timely filed its notice of appeal. Accordingly, the appellant's notice of appeal preserved this Court's jurisdiction to consider the Order Denying the Motion to Set Aside.

Tennessee Code Annotated section 40-11-125(a) provides that a professional bondsman's "approval" to write bonds may be summarily "withheld, withdrawn or suspended by any court if, after investigation, it appears that a bondsman:

(1)  Has been guilty of violating any of the laws of this state relating to bail bonds;
(2)  Has a final judgment of forfeiture entered against the bondsman which remains unsatisfied;
(3)  Is guilty of professional misconduct as described in § 40-11-126; or
(4)  If applying for approval as a professional bondsman, has been convicted in any state of the United States of two (2) or more misdemeanors which are equivalent to Tennessee Class A or Class B misdemeanors; provided, however, that the misdemeanor convictions shall have occurred within five (5) years of the date the application for approval is filed.

Tenn. Code Ann. § 40-11-125(a).  Regarding a hearing and notice, the statute provides for the following:

Any court withholding, withdrawing or suspending a bondsman or other surety under this section shall notify the bondsman in writing of the action taken, accompanied by a copy of the charges resulting in the court's action. If within twenty (20) days after notice, the bail bondsman or surety files a written answer denying the charges or setting forth extenuating circumstances, the court shall call a hearing within a reasonable time for the purpose of taking testimony and evidence on any issues of fact made by the charges and answer.  The court shall give notice to the bail bondsman, or to the insurer represented by the bondsman, of the time and place of the hearing. The parties shall have the right to produce witnesses, and to appear personally with or without representation by counsel.  If, upon a hearing, the court determines that the bail bondsman is guilty as alleged in the charges, the court shall thereupon withhold, withdraw or suspend the bondsman from the approved list, or suspend the bondsman for a definite period of time to be fixed in the order of suspension.

Tenn. Code Ann. § 40-11-125(b) (2025).  We review the trial court's denial of approval for a bonding company to write bonds in its jurisdiction de novo.  *Id.* § 125(d) (2025).

At the evidentiary hearing, the appellant acknowledged that it had not paid the $30,000 as ordered in the Final Forfeiture Order and agreed that the suspension of its

bonding privileges was allowed pursuant to Tennessee Code Annotated section 40-11-125. However, despite agreeing with the trial court, the appellant made several arguments attacking the validity of the Final Forfeiture Order itself. As noted above, the appellant failed to appeal the Final Forfeiture Order, and therefore, we are without jurisdiction to entertain any argument challenging the appropriateness of that order. *See Allen*, 2004 WL 2108232, at \*2. The record contains no indication that the appellant has satisfied the final forfeiture. Therefore, we affirm the trial court's suspension of the appellant on this basis.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

s/ *J. ROSS DYER*
J. ROSS DYER, JUDGE